Gray, J.
The bill of exchange declared on is manifestly the draft of the Belleville Nail Mill Co., and not oí the individuals by whose *496 hands it is subscribed. It purports to be made at the office of the company, and directs the drawers to charge the amount thereof to the account of the company, of which the signers describe themselves as president and secretary. An instrument bearing on its face all these signs'of being the contract of the principal cannot be held to bind the agents personally. Sayre v. Nichols, 7 Cal., 535; Carpenter v. Farnsworth, 106 Mass., 561, and cases there cited.
The allegation in the declaration, that the defendants made “their” bill of exchange, is inconsistent with the terms of the writing sued on and made a part of the record, and is not admitted by the demurrer. Dillon v. Barnard, 21 Wall., 430; Binz v. Tyler, 79 Ill., 248.
The provision of the statute of Illinois (Ed. 1877, Title Practice, Secs. 34, 36), prohibiting defendants sued on written instru.ments from denying their signatures, except under plea verified by affidavit, has no application where the fact of signature is admitted by demurrer, and the only issue is one of law.
Judgment affirmed.